UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10/24/08

| | |
|---|---|
| IN RE TV AZTECA S.A. DE C.V., SECURITIES LITIGATION | ) ) Civil Action No. 1:04-CV-546 (JES) ) ) ) |

## ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

WHEREAS, by its Order and Final Judgment dated July 19, 2007, the Court approved the terms of the Stipulation and Agreement of Settlement dated as of April 13, 2007 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to Class Members in the above-captioned action (the "Action"); and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $1,200,000 cash settlement proceeds obtained in this Action (the "Securities Litigation Settlement Fund") have been deposited by the Defendants into an escrow account maintained by The Garden City Group, Inc. ("GCG"), the Claims Administrator for the Settlement, on behalf of the Class; and

WHEREAS, the United States Securities and Exchange Commission ("SEC") resolved its own civil claims against certain of the defendants in this Action in the matter captioned *SEC v. TV Azteca, S. A. de C.V., et al.*, Civil Action No. 1:05CV0004 (EGS) (D.D.C.) (the "SEC Action"), and pursuant to agreements these defendants negotiated on behalf of themselves with the SEC, certain of these defendants made monetary payments totaling approximately $8.7 million in cash (the "SEC Fair Fund") to the SEC; and

WHEREAS, in order to avoid duplicate administrative costs, Lead Counsel and the SEC agreed to coordinate the distribution of both funds (together, the Securities Litigation Settlement Fund and the SEC Fair Fund are referred to as the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") in order to participate in the distribution of the Settlement Fund was September 12, 2007; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) were given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, on May 21, 2008, the Honorable Emmet G. Sullivan, United States District Court Judge for the District of Columbia, granted an order in the SEC Action to transfer the SEC Fund, less payment of tax related fees and expenses, to the escrow account maintained by GCG in this Action for the purpose of distributing these funds, together with the Securities Litigation Settlement Fund, to injured Class Members; and

WHEREAS, the SEC Fair Fund was transferred to the escrow account maintained by GCG for the Securities Litigation Settlement on June 12, 2008; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Counsel now seeks authorization to distribute the proceeds of the Securities Litigation Settlement Fund and SEC Fair Fund to Authorized Claimants, after deduction of any taxes, fees and expenses approved by this Order; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing: (1) the Affidavit of Jason Zuena (the "Zuena Affidavit") of GCG; (2) the Declaration of Michael K. Yarnoff of Schiffrin Barroway Topaz & Kessler, LLP, on behalf of Lead Counsel; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of GCG accepting the claims as indicated on the computer printout of accepted claims submitted and described in the Zuena Affidavit, calculated pursuant to the Plan of Allocation contained in the Notice, including claims submitted after September 12, 2007, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of GCG rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Zuena Affidavit calculated pursuant to the Plan of Allocation contained in the Notice be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Securities Litigation Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the settlement proceeds while in escrow, if any; and it is further

ORDERED, that GCG be paid the sum of $24,138.85 from the Settlement Fund in payment for its fees and in reimbursement of its expenses incurred and to be incurred in connection with giving notice to the Class, processing the Proofs of Claim, preparing the tax returns for the Securities Litigation Settlement Fund and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

ORDERED, that in consideration of the percentage of Recognized Losses that Authorized Claimants are currently able to be paid, a reserve consisting of 10% of the Settlement Fund (the "Reserve Amount") be set aside for payment of valid claims submitted following the initial distribution to the Class, and that any portion of the Reserve Amount remaining following the payment of any such claims be included in a second distribution to the Class; and it is further

ORDERED, that the balance of the Settlement Fund less the Reserve Amount and after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the Zuena Affidavit under the Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Loss of all accepted claimants as shown on such printout; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that after six (6) months following the initial distribution of the Net Settlement Fund to Authorized Claimants and after reasonable and diligent efforts have been

made by GCG to have the Authorized Claimants to cash their checks, any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distribution to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set out in the Notice, (ii) second, to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court, and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making a second distribution. The second distribution will include the remaining portion of the Reserve Amount; and it is further

ORDERED, that if after six (6) months after such second distribution, any funds shall remain in the combined Settlement Fund, and after GCG has made reasonable and diligent efforts to have Authorized Claims who are entitled to participate in the Settlement cash their checks, the remaining funds shall be divided to reflect the percentage of each fund – the SEC Fair Fund and the Securities Litigation Settlement Fund – contributed to the total combined fund. GCG shall donate the percentage of the remaining funds attributable to the Securities Litigation Settlement Fund to Advocates for Children of New York, located at 151 W. 30th Street, 5th Floor, New York, NY 10001 (phone no. (212) 947-9779) and the percentage of the remaining

ıds attributable to the SEC Fair Fund shall be paid directly to the general fund of the United States Treasury; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that GCG is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after distribution of the Net Settlement Fund to the eligible claimants and electronic copies of the same not less than three (3) years after distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted after August 29, 2008 may be accepted only for excusable neglect on the part of the claimant, as determined by Lead Counsel.

Dated: __10/23__, 2008

_____
THE HONORABLE JOHN E. SPRIZZO
UNITED STATES DISTRICT JUDGE